IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANDRELL BROWN, ANTONIO BROWN, and KIM LATRICE WILLIAMS | § § § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CASE NO. 4:23-CV-1115 |
| | § | |
| LASALLE CORRECTIONS WEST, LLC d/B/A PRAIRIELAND DETENTION CENTER; JIMMY JOHNSON; LEANDRO HERNANDEZ; and ARMANDO CASTRO | § § § § § § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' ANSWER  AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' ORIGINAL COMPLAINT**

DEFENDANTS LASALLE CORRECTIONS WEST, LLC D/B/A PRAIRIELAND DETENTION CENTER ("LASALLE"), JIMMY JOHNSON ("JOHNSON"), LEANDRO HERNANDEZ ("HERNANDEZ"), AND ARMANDO CASTRO ("CASTRO") (collectively referred to as the "Defendants"), by and through their counsel of record, respectfully submits their Answer and Affirmative Defenses to Plaintiffs Andrell Brown ("Brown1"), Antonio Brown ("Brown2"), and Kim Latrice Williams' ("Williams") (collectively the "Plaintiffs") Original Complaint and Jury Demand (Doc. 1), in the above-styled case, subject to its Motion to Dismiss (Doc. 16) filed in this cause, and would show the Court as follows:

**PARTIES[1]**

1.    Based upon information and belief, Defendants admit Plaintiff Brown1 represented she is Black and is female.  Defendants are without knowledge, information, and/or belief

---

[1] The headings are from Plaintiffs' Original Complaint (Doc. 1) and are included for the Court's convenience.

**Defendants' Answer and Affirmative Defenses to Plaintiffs' Complaint**                    **Page 1**

sufficient to either admit or deny whether Plaintiff Brown1 resides in Fort Worth (Tarrant County), Texas. Defendant LaSalle admits Plaintiff Brown1 worked at Defendant LaSalle's correctional facility in Alvarado, Texas.

2.     Based upon information and belief, Defendants admit Plaintiff Brown2 represented he is Black and is male. Defendants are without knowledge, information, and/or belief sufficient to either admit or deny whether Plaintiff Brown2 resides in Fort Worth (Tarrant County), Texas. Defendant LaSalle admits Plaintiff Brown2 worked at Defendant LaSalle's correctional facility in Alvarado, Texas.

3.     Based upon information and belief, Defendants admit Plaintiff Williams represented she is Black and is female. Defendants are without knowledge, information, and/or belief sufficient to either admit or deny whether Plaintiff Williams resides in Arlington (Tarrant County), Texas. Defendant LaSalle admits Plaintiff Williams worked at Defendant LaSalle's correctional facility located in Alvarado, Texas.

4.     Defendant LaSalle admits Paragraph 4 in its entirely with the exception of the spelling of Tim Kurpiewski's name. Defendants Johnson, Hernandez, and Castro are without knowledge, information, and/or belief sufficient to admit or deny whether Defendant LaSalle is a domestic limited liability company organized under the laws of the State of Texas, with its principal place of business located in Ruston, Louisiana and whether Defendant LaSalle may be served with process by serving its registered agent, Tim Kurpiewsky (*sic*), located at 26228 Ranch Road,12, Dripping Springs, Texas 78620.

5.     Defendants admit Defendant Johnson is White and male and served as the Warden of Defendant LaSalle's Prairieland Detention Center ("PDC"). Defendant Johnson admits he resides in Grandview, Texas and may be served with process at this residence. However,

Defendant Johnson  was served at the police station in LaVista, Texas. Defendants LaSalle, Hernandez, and Castro are without knowledge, information, and/or belief sufficient to admit or deny the remainder of Paragraph 5.

6.　　Defendants admit Defendant Hernandez is Hispanic and male and serves as the Assistant Warden of Defendant LaSalle's PDC.  Defendant Hernandez admits he was served at LaSalle's PDC, 1209 Sunflower Lane, Alvarado, Texas 76009. Defendants LaSalle and Castro admit Defendant Hernandez was served at PDC. Defendant Johnson is without knowledge, information, and/or belief sufficient to admit or deny the remainder of Paragraph 6.

7.　　Defendants admit Castro is Hispanic and male. Specifically, Defendant Castro serves as the Chief of Security at LaSalle's PDC. Defendant Castro admits he was served at LaSalle's PDC located at 1209 Sunflower Lane, Alvarado, Texas 76009. Defendants LaSalle and Hernandez admit Defendant Castro was served at PDC. Defendant Johnson is without knowledge, information, and/or belief sufficient to admit or deny the remainder of Paragraph 7.

## JURISDICTION AND VENUE

8.　　Defendants admit that the Court has jurisdiction of claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a).  However, Plaintiff Brown1 and Plaintiff Brown2's Title VII claims are premature and not ripe precluding the Court to address such issues. Plaintiffs Brown1 and Brown2 have not been issued their Right to Sue, which is a prerequisite to filing suit. Defendants admit the Court has jurisdiction over civil actions arising under Section 1981 of the Civil Rights Acts of 1866, 42 U.S.C. §1981. Defendants further admit the Court has jurisdiction under 28 U.S.C. § 1331. Defendants deny Plaintiffs are entitled to any relief under the stated statutes.

9.      Defendants admit the Court generally has supplemental jurisdiction under 28 U.S.C. § 1367.  However, Defendants deny the Court has jurisdiction over Plaintiffs' claim for intentional infliction of emotional distress ("IIED"). Plaintiffs' IIED claim is a gap-filler and is not available to bring as a cause of action when the claims are based on conduct covered by other statutory schemes such as Title VII and Section 1981.  *See Johnson v. Blue Cross/Blue Shield of Tex.*, 375 F.Supp.2d 545, 549 (N.D. Tex. 2005) (holding the gravamen of plaintiff's complaint was "the very type of wrong the statutory remedy" provided by Title II and the ADA and thereby concluded the dismissal of plaintiff's state law claims for IIED was appropriate); *see Washington v. Nat'l Oilwell Varco, LP*, 634 F.Supp.3d 316, 325 (N.D. Tex. 2022) (holding plaintiff's IIED claim failed as a matter of law because it was based on the same conduct as her Title VII and Section 1981 claims, where statutory remedies were available).

10.     Defendant LaSalle admits it conducted business in Texas and was doing business in the State of Texas by employing Plaintiffs in Alvarado, Texas. Based upon information and belief, Defendants Johnson, Hernandez, and Castro admit Defendant LaSalle conducted business in Texas and employed Plaintiffs.  Defendants admit Plaintiffs' causes of action are alleged to have occurred and by committed by Defendants, but Defendants vehemently denies the causes of action arose from and are connected to purposeful acts.

11.     Defendants admit a substantial portion of the acts and omissions allegedly giving rise to Plaintiff's claims occurred in Johnson County, Texas but vehemently denies any violations of the law. Defendants are without knowledge, information, and/or belief sufficient to either admit or deny whether all three Plaintiffs reside in Tarrant County, Texas. Defendants admit venue is proper in this district and division under 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3).

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES AND REMEDIES

12.    Defendants are without knowledge, information, and/or belief sufficient to either admit or deny whether Plaintiffs timely filed with the Equal Employment Opportunity Commission ("EEOC") charges of discrimination and retaliation against Defendant LaSalle. Consequently, Paragraph 12 is denied in its entirety.

14.    Defendants are without knowledge, information, and/or belief sufficient to either admit or deny whether Plaintiff Brown1 requested her notice of Right to Sue from the EEOC. To the extent Plaintiff Brown1 has not received her notice of Right to Sue, her claims under Title VII are not ripe and are premature. Paragraph 13 is denied Defendants are without knowledge, information, and/or belief sufficient to either admit or deny whether Plaintiff Brown2 requested his notice of Right to Sue from the EEOC. To the extent Plaintiff Brown2 has not received his notice of Right to Sue, his claims under Title VII are not ripe and are premature. Paragraph 14 is denied.

15.    Defendants are without knowledge, information, and/or belief sufficient to either admit or deny when Plaintiff Williams received her notice of Right to Sue from the EEOC. Further, Defendants are without knowledge, information, and/or belief sufficient to either admit or deny whether Plaintiff Williams timely filed the Complaint within those 90 days of receiving that notice of Right to Sue. Consequently, Paragraph 15 is denied.

## FACTUAL BACKGROUND

### General Background

16.    Defendant LaSalle admits Paragraph 16 in its entirety. Defendants Johnson, Hernandez, and Castro admit Defendant LaSalle operates correctional facilities.  Defendants

Johnson, Hernandez, and Castro have not reviewed Defendant LaSalle's website to admit or deny the verbiage contained on the website.

17.    Defendant LaSalle admits its website provides the verbiage asserted in Paragraph 17. Defendant LaSalle objects to Paragraph 17 to the extent it attempts to draw a legal conclusion. Defendants Johnson, Hernandez, and Castro have not reviewed Defendant LaSalle's website to admit or deny the verbiage contained on the website.

18.    Defendant LaSalle admits it is an "employer" under Title VII as defined in 42 U.S.C. § 2000e(b) and under the Texas Labor Code § 21.002(8). Defendants Johnson, Hernandez, and Castro are without knowledge, information, and/or belief sufficient to either admit or deny whether Defendant LaSalle meets the definition of "employer" under the statutes.

### *Andrell Brown*

19.    Defendants admit Plaintiff Brown1 was employed at Defendant's LaSalle's PDC. Defendant LaSalle admits Brown1 was employed in January 2020 but resigned in March 2023. Defendants Johnson, Hernandez, and Castro lack knowledge, information, and/or belief sufficient to admit or deny the employment period for Plaintiff Brown1. Defendants vehemently deny Plaintiff Brown1 was constructively discharged for any reason.

20.    Defendants deny they attempted to prevent Brown1 from moving to the day shift. Defendants are without knowledge as to whether Brown1 utilized union efforts to move to the day shift because Plaintiff Williams, union steward, failed to comply with the Collective Bargaining Agreement despite Defendant Johnson's request regarding same. A list of names based upon written requests to be moved to day shift was maintained by Defendant Johnson. Defendant Johnson also considered Texas Jail Standards and other legal requirements, the inmate population, and detention officer safety in deciding individuals requests. Defendants Hernandez and Castro

are not involved in the shift change requests. Defendants deny all remaining allegations in Paragraph 20.

21.    Defendants are without knowledge, information, and/or belief sufficient to either admit or deny the allegations asserted in Paragraph 21, including Plaintiff Brown1's beliefs. Consequently, Paragraph 21 is denied in its entirety.

22.    Defendants are without knowledge, information, and/or belief sufficient to either admit or deny what Plaintiff Brown1 allegedly heard about Black employees at the workplace. Defendants deny racial slurs and derogatory language regarding Black employees were used in the workplace.    Defendant LaSalle's investigation did not support a finding of such alleged occurrence(s). Consequently, Defendants deny Paragraph 22 in its entirety.

23.    Defendants deny Paragraph 23 as written. The statement is misleading and mischaracterizes the alleged statements made.

24.    Defendants are without knowledge, information, and/or belief sufficient to either admit or deny when Brown1 and others allegedly became aware of a social media post purportedly made by Defendant Castro.  Defendant Castro further denies posting on social media, which is outside of work, any racial or derogatory statements directed to Black people, especially to the employees at LaSalle.  Plaintiff Brown1 misconstrues and conflates a post made by Defendant Castro related to Queen Elizabeth's death.  Defendants deny the post is an example of racial animus. Consequently, Paragraph 24 is denied in its entirety.

25.    Defendant Castro denies Paragraph 25 allegation, "Defendant Castro berated Plaintiff Andrell Brown and a small group of Black Detention Officers, threatening them with their jobs and telling them that they should 'go work for McDonald's'" as written.  Plaintiff Brown1 attempts to mischaracterize facts. Defendants are without knowledge, information, and/or belief

sufficient whether Brown1 or other employees complained.  Complaints brought to Defendant Johnson were investigated; Defendant Hernandez also collected statements from employees. Consequently, Paragraph 25 is denied in its entirety.

26.    Defendant LaSalle admits Plaintiff Brown1 filed a Charge of Discrimination with the EEOC.  Defendants Johnson, Hernandez, and Castro lack knowledge, information, and/or belief sufficient to either admit or deny whether Brown1 filed a Charge of Discrimination with the EEOC. Defendants vehemently deny race harassment and discrimination occurred.  Defendant Castro denies conducting a briefing in main control. Defendants are without knowledge, information, and/or belief sufficient to either admit or deny how Plaintiff Brown1 allegedly learned about the hearsay statements, but Defendants deny statements were made. Consequently, Defendants deny Paragraph 26.

27.    Defendants lack knowledge, information, and/or belief sufficient to either admit or deny whether Plaintiff Brown1 suffered and continues to suffer severe anxiety and stress over her alleged treatment and the alleged treatment of other Black Detention Officers by the individual Defendants. Consequently, Defendants deny this statement in Paragraph 27.  Regarding the remainder of Paragraph 27, Plaintiff Brown1 did not report any matter to human resources. Allegations brought to Defendants LaSalle and/or Johnson's attention were investigated, and the union was informed about the outcomes regarding same. Consequently, Defendants deny Paragraph 27.

28.    Defendants deny Plaintiff Brown1's allegations in Paragraph 28.  Defendants further deny the allegations and objects to the extent she attempts to establish legal conclusions.

29.    Defendant LaSalle denies any failure or refusal to remedy any issue brought by Plaintiff Brown1 to be addressed.  Defendant LaSalle admits Plaintiff Brown1 submitted a letter

of resignation. However, Defendants lack knowledge, information, and/or belief sufficient to either admit or deny the remainder of Paragraph 29. Therefore, the allegations are denied.

*Antonio Brown*

30.    Defendants admit Plaintiff Brown2 was employed at Defendant's LaSalle's Prairieland Detention Center. Defendant LaSalle admits Defendant Brown2 was a Detention Officer with LaSalle and began employment in January 2018; Plaintiff Brown2 resigned from full-time employment to be effective August 2023. Defendants Johnson, Hernandez, and Castro lack knowledge, information, and/or belief sufficient to admit or deny the employment period for Plaintiff Brown2. Defendants deny Plaintiff Brown2 was terminated in violation of Title VII and/or Section 1981 and further deny Plaintiff Brown2 was constructively discharged. All allegations herein not admitted are denied.

31.    Defendants deny Plaintiff Brown1 was subjected to racial slurs and derogatory language directed Black employees.  Defendants deny Defendant Castro made the alleged statements in Paragraph 31.

32.    Defendant LaSalle denies Tonya King received any statement in writing complaining about Defendant Castro's actions and comments.  Complaints received about Defendant Castro were investigated; the complaints against Defendant Castro were not substantiated.

33.    Defendants deny Black employees were treated disparately than Caucasian or Hispanic counterparts. Defendants are not able to address the allegations in Paragraph 33 because no names were provided.  Consequently, Defendants deny Paragraph 33 in its entirety. Defendants further deny the remainder of Paragraph 33.

34.     Defendants object to Paragraph 34 as nonsensical because there is not a "Defendant Antonio Brown" who field a Charge of Discrimination.  To the extent Paragraph 34 refers to Plaintiff Brown2, Defendant LaSalle admits Defendant Brown2 filed a Charge of Discrimination in April 2023, where he alleged discrimination and harassment on the basis of race, religion, disability, and retaliation.  Defendants Johnson, Hernandez, and Castro lack knowledge, information, and/or belief sufficient to either admit or deny whether Brown2 filed a Charge of Discrimination with the EEOC.   However, Defendants vehemently deny discrimination and harassment on the bases of race, religion, disability, and/or retaliation.

35.     Defendant Johnson admits he considered  Plaintiff Brown2 for possible  part-time work.  Defendants Hernandez and Castro are without knowledge, information, and/or belief sufficient to either admit or deny Plaintiff Brown2's allegation regarding part-time employment. Defendants deny Plaintiff Brown2's assertion regarding the existence of harassment and discrimination.  All allegations not admitted in Paragraph 35 are denied.

36.     Defendants LaSalle and Johnson admit Plaintiff Brown2 tendered a resignation letter and that Plaintiff Brown 2 requested part-time work.  Defendant Castro is without knowledge, information, and/or belief sufficient to either admit or deny Paragraph 36. Consequently, Defendant Castro denies Paragraph 36 in its entirety.  Defendants continue to review the allegations asserted by Plaintiffs and will amend their response as discovery progresses. Subject to the foregoing, all statements in Paragraph 36 not admitted are denied.

37.     Defendant Johnson admits he sent a letter to Plaintiff Brown2, which informed Plaintiff Brown2 that he could not be allowed to continue part-time employment. Defendants LaSalle and Johnson admit Plaintiff Brown2 filed a grievance and that Plaintiff Brown2 would not be permitted to work part-time.  Defendants Hernandez and Castro lack knowledge, information,

and/or belief sufficient to either admit or deny the allegations asserted in Paragraph 37. Consequently, Defendants Hernandez and Castro deny Paragraph 37 in its entirety. All allegations stated in Paragraph 37 not admitted are herein denied.

38.     Defendant LaSalle admits the part-time position requested by Plaintiff Brown2 was denied in part because of the staffing plan. Plaintiff Brown2 failed to identify the "other officers at the detention center working party-time." Consequently, the allegation is denied. Defendant LaSalle sent Bryson King, Tonya King's son, a letter informing him that PDC did not have part-time positions on the staff plan. Nathan VanRyn resigned prior to receiving notice that part-time was not available. Defendant LaSalle admits there was a letter dated September 11, 2023 from Assistant Regional Warden Robert Parker. The document speaks for itself. Defendants Hernandez and Castro lack knowledge, information, and/or belief sufficient to either admit or deny the allegations asserted in Paragraph 38. All allegations in Paragraph 38 not admitted are denied.

39.     Defendant LaSalle objects to Paragraph 39 to the extent asserts a legal conclusion regarding pretext. Defendants object to Paragraph 39 in its entirety.

40.     Defendants lack knowledge, information, and/or belief sufficient to either admit or deny whether Plaintiff Brown2 suffered and continues to suffer severe anxiety and stress over his alleged treatment and the alleged treatment of other Black Detention Officers by the individual Defendants. Consequently, Defendants deny this statement in Paragraph 40. However, Defendants lack knowledge, information, and/or belief sufficient to either admit or deny the remainder of Paragraph 40. Therefore, the allegations are denied.

*Kim Williams*

41.     Defendants admit Plaintiff Williams was employed as a Detention Officer with LaSalle and has served as a union representative for nonmanagement Detention Officers who are

members of a collective bargaining unit at LaSalle.  Defendant LaSalle admits Plaintiff Williams was employed from October 2018  and is currently employed.

42.     Defendants lack knowledge, information, and/or belief sufficient to either admit or deny the allegations in Paragraph 42.  Consequently, Paragraph 42 is denied in its entirety.

43.     Defendants LaSalle and Johnson admit that in general Williams brought certain concerns to their attention regarding Defendant Castro, which were investigated, and the allegations could not be substantiated.  Defendant Castro denies approaching Williams at any time demanding to know what she told the Warden. Furthermore, the allegations raised in Paragraph 43 are vague and ambiguous   Therefore, the allegations in Paragraph 43 are denied.

44.     Defendants Castro and Hernandez deny harassing Plaintiff Williams about her daily work routine to the extent there is a violation under the law. Defendants lack knowledge, information, and/or belief sufficient to either admit or deny the remainder of allegations in Paragraph 44. Therefore, Defendants deny the allegations in Paragraph 44.

45.     Defendants deny Paragraph 45 in its entirety.

46.     Defendants Hernandez and Castro lack knowledge, information, and/or belief sufficient to either admit or deny the allegations in  Paragraph 46. Therefore, these Defendants deny Paragraph 46 in its entirety.  Defendant Johnson denies becoming angry at Plaintiff Williams. Defendants deny any retaliation directed to Plaintiff Williams and deny the allegations in Paragraph 46.

47.     Defendants Hernandez and Castro lack knowledge, information, and/or belief sufficient to either admit or deny the allegations in  Paragraph 47. Therefore, these Defendants deny Paragraph 47 in its entirety. Defendants Johnson and LaSalle admit a Black officer was terminated for time and attendance issues because he exceeded the point value on the attendance

policy. Subsequently, Defendant Johnson rehired the Black officer and gave back pay. Defendant LaSalle and Defendant Johnson deny decisions were made based upon race. Defendants deny any retaliation directed to Plaintiff Williams. All allegations not specifically admitted herein are denied.

48.    Defendants object to Plaintiff Willaims characterization that she was issued a written disciplinary warning. Plaintiff Williams received a verbal warning that was memorialized in writing. Defendants admit the verbal warning was based in part for "leaving her post without being relieved." The additional reason the verbal warning was issued was premised upon her leaving her post "conducting union business while on duty."  Defendants lack knowledge, information, and/or belief sufficient to either admit or deny the remainder of the allegations in Paragraph 48 because Plaintiff Williams never informed Defendants she soiled herself on or about November 23, 2021. Therefore, the remainder of Paragraph 48 is denied in its entirety.

49.    Defendants lack knowledge, information, and/or belief sufficient to either admit or deny the allegations in  Paragraph 49. Therefore, Defendants deny Paragraph 49 in its entirety.

50.    Defendants lack knowledge, information, and/or belief sufficient to either admit or deny when Plaintiff Williams learned about the change in the post order; this allegation in Paragraph 50 is denied.  Defendants admit post orders were changed to comport with other duty post orders allowing relief to individuals who needed to leave post.

51.     Defendants Castro and Hernandez lack knowledge, information, and/or belief sufficient to either admit or deny the allegations in  Paragraph 51. Therefore, these Defendant deny Paragraph 51 in its entirety. Defendants LaSalle and Johnson deny the allegations as presented.

52.    Defendant LaSalle admits Plaintiff Williams filed a Charge of Discrimination dated April 18, 2022 and the Charge alleges  race, retaliation, and "continuing action".  However,

Defendants vehemently deny the allegations of race harassment/discrimination and retaliation. Defendants deny Paragraph 52 in its entirety.

53. Defendant Castro denies retaliating against any individual. Defendants Castro and Hernandez lack knowledge, information, and/or belief sufficient to either admit or deny the remainder of the allegations in  Paragraph 53. Therefore, these Defendants deny Paragraph 53 in its entirety.  Defendants LaSalle and Johnson lack sufficient information to admit or deny the allegations in Paragraph 53; consequently, the allegations are denied.

54. Defendant Castro denies the allegations in Paragraph 54. Defendants LaSalle, Johnson, and Hernandez lack knowledge, information, and/or belief sufficient to either admit or deny the allegations in  Paragraph 54. Therefore, these Defendants deny Paragraph 54 in its entirety.

55. Defendants Castro and Hernandez lack knowledge, information, and/or belief sufficient to either admit or deny the remainder of the allegations in  Paragraph 55. Therefore, these Defendants deny Paragraph 55 in its entirety. Defendant LaSalle and Johnson deny any disciplinary action directed to Plaintiff Williams was retaliatory, for embarrassment or humiliation. All other allegations in Paragraph 55 are denied as written.  Defendants are still in the process of review and investigation of Plaintiff's allegations.  Defendants will review and amend as discovery progresses.

56. Defendants Castro and Hernandez lack knowledge, information, and/or belief sufficient to either admit or deny the remainder of the allegations in  Paragraph 56. Therefore, these Defendants deny Paragraph 56 in its entirety. All other allegations in Paragraph 56 are denied as written.  Defendants are still in the process of review and investigation of Plaintiffs' allegations. Defendants will review and amend as discovery progresses.

**Defendants' Answer and Affirmative Defenses to Plaintiffs' Complaint**                              **Page 14**

57.    Defendants deny Plaintiff Williams' allegations in Paragraph 57.  Defendants further deny the allegations and objects to the extent she attempts to establish legal conclusions.

58.    Defendant Johnson admits he resigned from employment.  Defendants Castro and Hernandez do not have knowledge or information about Defendant Johnson's separation from Defendant LaSalle. Defendant Johnson admits he talked to Plaintiff Williams after his resignation from Defendant LaSalle. All allegations not admitted in Paragraph 58 are denied.

## CAUSES OF ACTION

### A.    Count One: Hostile Work Environment Harassment (Race) under Title VII
### (Defendant LaSalle Corrections West, LLC)

59.    Paragraph 59 requires no response.  To the extent a response is required, Defendant LaSalle denies the allegations and incorporates the prior responses.

60.    Defendant LaSalle denies Paragraph 60 in its entirety.

61.    Defendant LaSalle admits Plaintiff Williams is Black.  Defendant LaSalle denies the remainder of Paragraph 61.

62.    Defendant LaSalle admits it meets the definition of employer under Title VII.

63.    Defendant LaSalle lacks knowledge, information, and/or belief sufficient to either admit or deny whether Plaintiff Williams received her Right to Sue from the EEOC. Consequently, Defendant denies all conditions precedent have been met.

64.    Defendant LaSalle denies Paragraph 64 in its entirety.

65.    Defendant LaSalle denies Paragraph 65 in its entirety.

66.    Defendant LaSalle denies Paragraph 66 in its entirety.

67.    Defendant LaSalle denies Paragraph 67in its entirety.

68.    Defendant LaSalle denies Paragraph 68 in its entirety.

69.    Defendant LaSalle denies Paragraph 69 in its entirety.

70.     Defendant LaSalle denies Paragraph 70 in its entirety.

71.     Defendant LaSalle denies Paragraph 71 in its entirety.

72.     Defendant LaSalle denies Paragraph 72 in its entirety.

73.     Defendant LaSalle denies Paragraph 73 in its entirety.

74.     Defendant LaSalle denies Paragraph  74.

75.     Defendant LaSalle denies Paragraph 75 in its entirety.

76.     Defendant LaSalle denies Plaintiffs (plural as stated in the Complaint) are entitled relief as stated in Paragraph 76.

### B.     Count Two: Retaliation Under Title VII
### (Defendant LaSalle Corrections West, LLC)

77.     Paragraph 77 requires no response.  To the extent a response is required, Defendant LaSalle denies the allegations and incorporates the prior responses.

78.     Defendant LaSalle lacks knowledge, information, and/or belief sufficient to either admit or deny when Plaintiff Williams received her notice of Right to Sue from the EEOC. Consequently, Defendant denies Plaintiff Kim Williams has satisfied all jurisdictional prerequisites in connection with her Title VII claims.

79.     Defendant LaSalle denies Paragraph 79 as written.

80.     Defendant LaSalle objects to Paragraph 80 because it has no information to establish what Plaintiff Williams believed and whether or not it was reasonable.  Defendant denies Paragraph 80 in its entirety.

81.     Defendant LaSalle denies Paragraph 81 in its entirety.

82.     Defendant LaSalle denies Paragraph 82 in its entirety.

83.     Defendant LaSalle denies Paragraph 83 in its entirety.

84.     Defendant LaSalle denies Paragraph 84 in its entirety.

85.    Defendant LaSalle denies Paragraph 85 in its entirety.

86.    Defendant LaSalle denies Paragraph 86 in its entirety.

87.    Defendant LaSalle denies Paragraph 87 in its entirety.

88.    Defendant LaSalle denies Paragraph 88 in its entirety.

89.    Defendant LaSalle denies Paragraph 89 in its entirety.

90.    Defendant LaSalle denies Plaintiff Williams is entitled to relief.

**C.    Count Three: Hostile Work Environment Harassment (Race) under Section 1981 (All Defendants)**

91.    Paragraph 91 requires no response.  To the extent a response is required, Defendants deny the allegations and incorporate their prior responses.

92.    Defendants deny Paragraph 92 in its entirety.

93.    Defendants deny Paragraph 93 in its entirety.

94.    Defendants deny Paragraph 94 in its entirety.

95.    Defendants deny Paragraph 95 in its entirety.

96.    Defendants deny Paragraph 96 in its entirety.

97.    Defendants deny Paragraph 97 in its entirety.

98.    Defendants deny Paragraph 92 in its entirety.

99.    Defendants deny Paragraph 99 in its entirety.

100.    Defendants deny Paragraph 100 in its entirety.

101.    Defendants deny Paragraph 101.

102.    Defendants deny Paragraph 102 in its entirety.

103.    Defendants deny Plaintiffs are entitled to relief.

104.    Defendants deny Plaintiffs are entitled to any relief as stated in the Prayer for Relief.

### D.     Count Four: Retaliation Under Section 1981
### (Defendant LaSalle Corrections West, LLC)

105.     Paragraph 105 requires no response.   To the extent a response is required, Defendant LaSalle denies the allegations and incorporates the prior responses.

106.     Defendant LaSalle denies Paragraph 106 in its entirety.

107.     Defendant LaSalle objects to Paragraph 107 to the extent that Defendant has no specific knowledge regarding Plaintiffs beliefs or the reasonableness of any beliefs.   Defendant LaSalle denies Paragraph 107 in its entirety.

108.     Defendant LaSalle denies Paragraph 108 in its entirety.

109.     Defendant LaSalle denies Paragraph 109 in its entirety.

110.     Defendant LaSalle denies Paragraph 110 in its entirety.

111.     Defendant LaSalle denies Paragraph 111 in its entirety.

112.     Defendant LaSalle denies Paragraph 112 in its entirety.

113.     Defendant LaSalle denies Paragraph 113 in its entirety.

114.     Defendant LaSalle denies Paragraph 114 in its entirety.

115.     Defendant LaSalle denies Plaintiffs are entitled to the relief sought and denies Paragraph 115 in its entirety.

### E. Count Five: Intentional Infliction of Emotional Distress
### (Defendants Johnson, Hernandez, and Castro)

116.     Paragraph 116 requires no response.   To the extent a response is required, Defendants deny the allegations and incorporate the prior responses.

117.     Defendants Johnson, Hernandez, and Castro deny Paragraph 117 in its entirety.

118.     Defendants Johnson, Hernandez, and Castro deny Paragraph 118 in its entirety.

119.     Defendants Johnson, Hernandez, and Castro deny Paragraph 119 in its entirety.

## DAMAGES

120.   Defendants deny Plaintiffs are entitled to actual, compensatory, and punitive damages as alleged in Paragraph 120.

121.   Defendants deny Paragraph 121 in its entirety.

122.   Defendants deny Paragraph 122 in its entirety.

123.   Defendants deny Paragraph 123 in its entirety.

124.   Defendants deny Paragraph 124 in its entirety.

## JURY DEMAND

125.   No response is required for Paragraph 125.

## PRAYER FOR RELIEF

Defendants deny Plaintiffs' Prayer for Relief in its entirety, including subparts (a)-(g).

## DEFENDANTS' AFFIRMATIVE DEFENSES AND OTHER MATTERS

1.   Some or all of Plaintiffs' Complaint fails to state a claim or claims upon which relief can be granted.

2.   The Court lacks subject matter jurisdiction over some or all of Plaintiffs' Complaint.

3.   Plaintiffs IIED fails as a matter of law.

4.   Plaintiffs cannot establish a *prima facie* case for any form of discrimination and/or retaliation under Title VII and/or Section 1981.

5.   Plaintiffs' claims are barred, in whole or in part, to the extent that such claims exceed the scope of or are inconsistent with the charges of discrimination Plaintiffs filed with the EEOC and dually filed with the Texas Workforce Commission-Civil Rights Division.

**Defendants' Answer and Affirmative Defenses to Plaintiffs' Complaint**                              **Page 19**

6.      Any claims not raised in Plaintiffs' Charges of Discrimination should be barred and dismissed for failure to exhaust administrative remedies and/or failing to satisfy the administrative prerequisites necessary to asserting such claims.

7.      Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations to the extent that they were not presented to the EEOC in a timely fashion and to the extent that they did not occur within the time frames prescribed by law.

8.      The continuing violation doctrine does not apply to Plaintiffs' hostile work environment claim.

9.      Plaintiffs' claims against Defendants fail, in whole or in part, to the extent that the employment actions complained of by Plaintiffs were based upon legitimate, nondiscriminatory, non-retaliatory, and non-pretextual business reasons and/or good faith reliance on applicable administrative rulings, orders or law.

10.     To the extent, if any, unlawful harassment and/or discrimination was a motivating factor in any decision regarding Plaintiffs, which Defendant LaSalle denies, Defendant LaSalle would have made the same decision absent any improper or unlawful motivation.

11.     Plaintiffs Brown1 and Brown2 were "at-will" employee. Plaintiff Williams is an at-will employee.

12.     Defendant LaSalle is entitled to the benefit and protection of the "business-judgment defense."

13.     Plaintiffs have failed to mitigate any damages they may claim to have suffered as a result of any alleged actions and failed to use reasonable efforts to obtain comparable employment. Alternatively, any damages claimed to have been suffered by Plaintiffs should be reduced by whatever income or economic benefits she/he has earned or received after her/his employment

with Defendant LaSalle ended. Defendant LaSalle is entitled to an offset for any amount that was in fact earned or could have been earned by Plaintiffs during the relevant time.

14.     Defendants did not commit any act with malice or reckless indifference to Plaintiffs' legally protected rights (if any), and Defendants did not approve, authorize, ratify, nor have actual knowledge of any such acts.

15.     Without conceding whether Plaintiffs suffered any damages because of any alleged wrongdoing by Defendants, Defendants plead the due process limitation on punitive/exemplary damages outlined by the U.S. Supreme Court in its opinion in *State Farm Mut. Auto. Ins. Co. Campbell*, 538 U.S. 408 (2003).

16.     Defendant LaSalle cannot be vicariously liable for punitive damages in light of its good faith efforts to comply with the anti-discrimination statutes at issue in this case. *See Koland v. Am. Dental Ass'n*, 527 U.S. 526 (1999).

17.     Defendant LaSalle is entitled to the *Ellerth/Faragher* affirmative defense. Plaintiffs' claims are barred because Defendant exercised reasonable care to prevent and correct promptly any discriminatory conduct and because Plaintiff unreasonably failed to properly take advantage of any preventative or corrective opportunities provided by Defendant to avoid harm otherwise.

18.     Plaintiffs cannot recover punitive damages against Defendants for any alleged discrimination, including harassment, because any such alleged conduct would be contrary to Defendant LaSalle's good faith efforts to comply with applicable anti-discrimination law(s).

19.     To the extent Plaintiffs seek punitive damages, such claims are barred in whole or part because Defendants have not engaged in intentional discrimination with malice or with reckless indifference to Plaintiffs' rights.

20.     Defendants specifically deny any allegations of intentional and knowing conduct and other conduct which may form the legal basis for entitlement to compensatory damages, liquated damages, or punitive damages.  Defendants further deny that the acts and/or omissions alleged by Plaintiffs amount to willful, malicious, and/or reckless conduct.

21.     Plaintiffs' compensatory and punitive damages are subject to all applicable statutory caps and limitations.

22.     Plaintiffs' claims for punitive damages fail to the extent they are unconstitutional and/or otherwise not available.

23.     Plaintiffs' damages claims are barred, in whole or in part, to the extent Plaintiffs seek to recover damages in excess of the type and amounts allowed or provided by law

24.     Defendant LaSalle is not liable for the alleged unlawful acts and/or omission by its supervisors and/or managers to the extent those individuals acted outside the course and scope of employment.

25.     To the extent any representative of Defendant LaSalle committed the actions alleged by Plaintiffs, which Defendant LaSalle and each of the Defendants deny, Defendant LaSalle neither knew nor should have known of any such alleged conduct.

26.      If Defendants are found liable for actual damages, Defendants intend to seek reduction of damages under the proportionate-responsibility statute.

27.     Plaintiffs' claims against Defendants are barred, in whole or in part, on the applicable statute of limitations under Title VII and/or Section 1981.

28.     Plaintiffs have no standing to bring associational discrimination claims regarding individuals not related or married to him/her.

29.     Plaintiffs' Complaint is frivolous under Federal Rule of Civil Procedure 11.

Respectfully submitted,

**KAUFMAN DOLOWICH, LLP**

  _/s/ Janice S. Parker_
Janice S. Parker
Texas Bar No. 15488050
janice.parker@kaufmandolowich.com
Sharon Gilmore
State Bar No. 24045943
sharon.gilmore@kaufmandolowich.com
14643 Dallas Parkway, Suite 550
Dallas, Texas 75254
Telephone:    (972) 781-2400
Facsimile:    (972) 781-2401

**_ATTORNEYS FOR DEFENDANTS_**

## CERTIFICATE OF SERVICE

The undersigned certified that on this, the **4th** day of **January 2024** a true and correct copy of _Defendants' Answer and Affirmative Defenses to Plaintiffs Original Complaint_ was served upon all counsel of record, as indicated below, via [ ] United States mail, certified, return receipt requested, [ ] United States regular mail, [ ] facsimile, [ ] e-mail, [  ] hand delivery, [√] Notice of Electronic Court Filing.

Kevin M. Duddlesten
Texas Bar No. 00793644
DUDDLESTEN LAW GROUP, PLLC
4347 W. Northwest Hwy Ste 130, PMB 325
Dallas, Texas 75220
Telephone: (214) 833-5228
Email: kevin@duddlestenlawgroup.com
_Attorney for Plaintiffs_

 _/s/ Janice S. Parker_
     Janice S. Parker

**Defendants' Answer and Affirmative Defenses to Plaintiffs' Complaint**          **Page 23**