IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KIM LATRICE WILLIAMS | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CASE NO. 4:23-CV-1115 |
| | § | |
| LASALLE CORRECTIONS | § | |
| WEST, LLC D/B/A PRAIRIELAND | § | |
| DETENTION CENTER; JIMMY | § | |
| JOHNSON; LEANDRO HERNANDEZ; | § | |
| and ARMANDO CASTRO | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF KIM WILLIAMS' THIRD AMENDED COMPLAINT (DOC. 59)**

**DEFENDANTS LASALLE CORRECTIONS WEST, LLC D/B/A PRAIRIELAND**

**DETENTION CENTER ("LASALLE"), JIMMY JOHNSON ("JOHNSON"), LEANDRO**

**HERNANDEZ ("HERNANDEZ"), AND ARMANDO CASTRO ("CASTRO")** (collectively

referred to as the "Defendants"), by and through their counsel of record, respectfully submit their

Answer and Affirmative Defenses to Plaintiff Kim Latrice Williams' ("Williams" or "Plaintiff")

Third Amended Complaint with jury demand (Doc. 59), in the above-styled case and would show

the Court as follows:

**PARTIES[1]**

1.    Based upon information and belief, Defendants admit Plaintiff Williams

represented she is Black and is female. Defendants are without knowledge, information, and/or

belief sufficient to either admit or deny whether Plaintiff Williams resides in Arlington (Tarrant

---

[1]The headings are from Plaintiff Kim Williams' Third Amended Complaint (Doc. 59) and are included for the Court's convenience.

County), Texas.  Defendant LaSalle admits Plaintiff Williams continues to be employed at Defendant LaSalle's correctional facility located in Alvarado, Texas.

2.      Defendant LaSalle admits Paragraph 2 in its entirety.  Defendants Johnson, Hernandez, and Castro are without knowledge, information, and/or belief sufficient to admit or deny whether Defendant LaSalle is a domestic limited liability company organized under the laws of the State of Texas, with its principal place of business located in Ruston, Louisiana but has information to believe Defendant LaSalle has been served with process.

3.      Defendants admit Defendant Johnson identifies as White and male and served as the Warden of Defendant LaSalle's Prairieland Detention Center ("PDC").  Defendant Johnson denies he resides in Covington, Texas but admits he resides in Grandview, Texas and was served with process. However, Defendant Johnson was served at the police station in LaVista, Texas. Defendants LaSalle, Hernandez, and Castro are without knowledge, information, and/or belief sufficient to admit or deny the remainder of Paragraph 3.

4.      Defendants admit Defendant Hernandez identifies as Hispanic and male and admits having served as the Assistant Warden of Defendant LaSalle's PDC during the relevant time period.  Defendant Hernandez admits he was served with process. Defendants LaSalle and Castro admit Defendant Hernandez was served with process. Defendant Johnson is without knowledge, information, and/or belief sufficient to admit or deny whether Defendant Hernandez was served with process but admits Defendant Hernandez identifies as a Hispanic male. Defendant denies he resides in Alvarado, Texas but admits he lives in Abilene, Texas.

5.      Defendants admit Castro identifies as Hispanic and male. Specifically, Defendant Castro serves as the Chief of Security at LaSalle's PDC. Defendant Castro admits he was served with process. Defendants LaSalle and Hernandez admit Defendant Castro was served with process.

Defendant Johnson is without knowledge, information, and/or belief sufficient to admit or deny whether Defendant Castro was served with process but admits Defendant Castro identifies as a Hispanic male. Defendant denies he resides in Hillsboro, Texas but admits he resides in Itasca, Texas.

## JURISDICTION AND VENUE

6.      Defendants admit that the Court has jurisdiction of claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). Defendants admit the Court has jurisdiction over civil actions arising under Section 1981 of the Civil Rights Acts of 1866, 42 U.S.C. § 1981. Defendants further admit the Court has jurisdiction under 28 U.S.C. § 1331. Defendants deny Plaintiff is entitled to any relief under the stated statutes.

7.      Defendant LaSalle admits it conducted business in Texas and was doing business in the State of Texas by employing Plaintiffs in Alvarado, Texas. Based upon information and belief, Defendants Johnson, Hernandez, and Castro admit Defendant LaSalle conducted business in Texas and employed Plaintiffs.  Defendants vehemently deny the causes of action arose from and are connected to purposeful acts by Defendants.

8.      Defendants vehemently deny any violations of the law. Defendants are without knowledge, information, and/or belief sufficient to either admit or deny whether Plaintiffs reside in Tarrant County, Texas. Defendants admit venue is proper in this district and division under 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3).

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES AND REMEDIES

9.      Defendants are without knowledge, information, and/or belief sufficient to either admit or deny whether Plaintiff timely filed with the Equal Employment Opportunity Commission

("EEOC") her charges of discrimination and retaliation against Defendant LaSalle. Consequently, this paragraph is denied in its entirety.

10.    Defendants are without knowledge, information, and/or belief sufficient to either admit or deny when Plaintiff Williams received notices of right to sue from the EEOC. Defendants are without knowledge, information, and/or belief sufficient to either admit or deny if Plaintiff Williams timely filed her claims within those 90 days of receiving the notices of right to sue. Defendants deny exhaustion of administrative remedies to the extent Plaintiff Williams may have failed to timely bring any issues within 300 days to the EEOC that is now asserted in the instant matter.

### FACTUAL BACKGROUND

11.    Defendant LaSalle admits Paragraph 11 in its entirety. Defendants Johnson, Hernandez, and Castro admit Defendant LaSalle operates correctional facilities.  Defendants Johnson, Hernandez, and Castro have not reviewed Defendant LaSalle's website to admit or deny the verbiage contained on the website.

12.    Defendant LaSalle denies paragraph 12 to the extent it alleges that the website states "based on these characteristics."

13.    Defendant LaSalle admits it is an "employer" under Title VII as defined in 42 U.S.C. § 2000e(b) and under the Texas Labor Code § 21.002(8). However, Plaintiff did not bring any claims under the Texas Labor Code.  Defendants Johnson, Hernandez, and Castro are without knowledge, information, and/or belief sufficient to either admit or deny whether Defendant LaSalle meets the definition of "employer" under the statutes.

14.    Defendants admit Plaintiff Williams was/and is employed as a Detention Officer with LaSalle and has served as a union representative for nonmanagement Detention Officers who

are members of a collective bargaining unit at LaSalle. Defendant LaSalle admits Plaintiff Williams was employed from October 2018 and is currently employed.

15.    Defendants lack knowledge, information, and/or belief sufficient to either admit or deny the allegations in Paragraph 15. Consequently, Paragraph 15 is denied in its entirety.

16.    Defendants LaSalle and Johnson admit that in general Williams brought certain concerns to their attention regarding Defendant Castro, which were investigated; the allegations could not be substantiated. Defendant Castro denies approaching Williams at any time demanding to know what she told the Warden. Furthermore, the allegations raised in Paragraph 16 are vague and ambiguous, i.e., "conduct." Therefore, the allegations in Paragraph 16 are denied.

17.    Defendants Castro and Hernandez deny harassing Plaintiff Williams about her daily work routine. Defendants lack knowledge, information, and/or belief sufficient to either admit or deny the remainder of the allegations in Paragraph 17. Further, the statements regarding employees are unrelated to her allegations Therefore, Defendants deny the allegations in Paragraph 17.

18.    Defendants deny Paragraph 18 in its entirety. Further, Plaintiff's statements regarding her husband are not relevant to her allegations.

19.    Defendants Hernandez and Castro lack knowledge, information, and/or belief sufficient to either admit or deny the allegations in paragraph 19. Therefore, these Defendants deny Paragraph 19 in its entirety. Defendant Johnson denies becoming angry at Plaintiff Williams. Defendants deny Paragraph 19 in its entirety and state that the allegations are not relevant to her allegations. Defendants specifically deny any alleged retaliation.

20.    Defendants Hernandez and Castro lack knowledge, information, and/or belief sufficient to either admit or deny the allegations in Paragraph 20. Therefore, these Defendants deny Paragraph 20 in its entirety. Defendants Johnson and LaSalle admit a Black officer was terminated

for time and attendance issues and was subsequently fully reinstated.  Defendant LaSalle and Defendant Johnson deny any decisions were made based upon race.  Defendants deny any retaliation directed to Plaintiff Williams. All allegations not specifically admitted herein are denied. Plaintiff's allegations regarding third parties are irrelevant to her claims.

21.    Defendants object to and deny Plaintiff William's mischaracterization of the facts. Plaintiff Williams was issued a written disciplinary warning. Plaintiff Williams left her post for "conducting union business while on duty negating her job requirements."  Defendants lack knowledge, information, and/or belief sufficient to either admit or deny the remainder of the allegations in Paragraph 21.  Plaintiff Williams never informed Defendants she allegedly soiled herself on or about November 23, 2021. Therefore, the remainder of Paragraph 21 is denied in its entirety.

22.    Defendants lack knowledge, information, and/or belief sufficient to either admit or deny the allegations in Paragraph 22. Therefore, Defendants deny Paragraph 22 in its entirety. Plaintiff Williams admits she informed others of her alleged "restroom accident."

23.    Defendants lack knowledge, information, and/or belief sufficient to either admit or deny the allegations in Paragraph 23. Therefore, Defendants deny Paragraph 23 in its entirety.

24.    Defendants Castro and Hernandez lack knowledge, information, and/or belief sufficient to either admit or deny the allegations in Paragraph 24. Therefore, these Defendants deny Paragraph 24 in its entirety. Defendants LaSalle and Johnson deny the stated allegations.

25.    Defendant LaSalle admits Plaintiff Williams filed a Charge of Discrimination dated April 18, 2022. The document speaks for itself. Defendants vehemently deny the allegations of race harassment/discrimination and retaliation or any allegations or actions alleged to be continuing actions. Defendants deny Paragraph 25 in its entirety.

26.    Defendants Castro and Hernandez lack knowledge, information, and/or belief sufficient to either admit or deny the allegations in Paragraph 26 regarding Defendant LaSalle employees. Plaintiff fails to state sufficient information regarding any alleged retaliation that occurred "later that month." Defendant Castro denies retaliating against any individual. Defendants LaSalle and Johnson lack sufficient information to admit or deny the allegations in Paragraph 26; consequently, the allegations are denied.

27.    Defendant Castro denies the allegations in Paragraph 27. Defendants LaSalle, Johnson, and Hernandez lack knowledge, information, and/or belief sufficient to either admit or deny the allegations in Paragraph 27. Therefore, these Defendants deny Paragraph 27 in its entirety. All Defendants deny Paragraph 27 as written.

28.    Defendants Castro and Hernandez lack knowledge, information, and/or belief sufficient to either admit or deny the allegations in Paragraph 28. Therefore, these Defendants deny Paragraph 28 in its entirety. Defendants deny Plaintiff Williams was harassed and/or targeted for retaliation.  Defendants LaSalle, Johnson and Hernandez admit Plaintiff Williams was written up for insubordination to Defendant Johnson. All other allegations in Paragraph 28 are denied as written.

29.    Defendants Castro and Hernandez lack knowledge, information, and/or belief sufficient to either admit or deny the allegations in Paragraph 29. Therefore, these Defendants deny Paragraph 29 in its entirety. All other allegations in Paragraph 29 are denied as written. Defendants further deny any action was taken as a pretext for harassment and/or retaliation. Defendant LaSalle and Johnson deny any disciplinary action directed to Plaintiff Williams was retaliatory, for embarrassment or humiliation.

30.    Defendants deny Plaintiff Williams' allegations in Paragraph 30 in its entirety. Further, Defendants object to the extent Plaintiff attempts to establish legal conclusions.

31.    Defendants deny Plaintiff Williams' allegations in Paragraph 31 in her entirety.

32.    Defendants LaSalle and Johnson admit he resigned from employment.  Defendants Castro and Hernandez do not have knowledge or information about Defendant Johnson's separation from Defendant LaSalle. All allegations not admitted in Paragraph 32 are denied.

33.    Defendants deny Plaintiff Williams' allegations in Paragraph 33 in its entirety. Moreover, Defendant Johnson does not have knowledge or information about Plaintiff Williams' alleged submission of internal complaints of discrimination and harassment since the filing of Plaintiff Williams' lawsuit and denies the allegations in Paragraph 33 in its entirety.

34.    Defendants deny the allegations in paragraph 34 in its entirety. Further, Plaintiff's statements are conclusory, vague, and general and fail to state any specific facts to support her allegations.

35.    Defendant Johnson lacks knowledge, information, and/or belief sufficient to either admit or deny the allegations in Paragraph 35. Therefore, Defendant Johnson denies the allegations in Paragraph 35 in its entirety. Defendant Castro denies Plaintiff Williams' allegations that she was issued a "false written disciplinary action by Defendant Castro, in retaliation for her having filed her initial Charge and this lawsuit." Moreover, Defendant Castro denies Plaintiff Williams' mischaracterization of the written disciplinary action. All allegations not admitted in Paragraph 35 are denied by Defendants. Plaintiff's statement misrepresents the events where she was a part of an investigation along with other officers, and Plaintiff was not disciplined.

36.    Defendant Johnson lacks knowledge, information, and/or belief sufficient to either admit or deny the allegations in Paragraph 36. Therefore, Defendant Johnson denies the allegations

in Paragraph 36 in its entirety. Defendant Castro denies Plaintiff Williams' allegation that he "issued a written disciplinary action as unlawful retaliation." Defendants deny Plaintiff Williams' allegations in Paragraph 36 to the extent it attempts to draw a legal conclusion. Allegations not admitted in Paragraph 36 are denied by all Defendants. Plaintiff's statement mispresents the events where she was part of an investigation along with other officers and was not disciplined.

37.     Defendant Hernandez and Defendant Castro only admit that an investigation was conducted.  Defendant Hernandez denies Plaintiff Williams' allegation that he "falsely claimed in his report that Ms. Williams had observed the incident and took no action." Further, Plaintiff's statement is a misrepresentation to the Court regarding the facts already established by evidence. Defendant Johnson lacks knowledge, information, and/or belief sufficient to either admit or deny Plaintiff Williams' allegations in Paragraph 37. Therefore, Defendant Johnson denies the allegations in Paragraph 37 in its entirety. All allegations not admitted in Paragraph 37 are denied by all Defendants.

38.     Defendants deny the allegations in Paragraph 38 in its entirety. Plaintiff's evidence has already established that Plaintiff was not disciplined.  Plaintiff's statement is a blatant misrepresentation of the known facts.

39.     Defendants deny the allegations in Paragraph 39 in its entirety. Furthermore, Defendants deny Plaintiff Williams' allegations in Paragraph 39 to the extent it attempts to draw a legal conclusion. Plaintiff's evidence has already established that Plaintiff was not disciplined. Plaintiff's statement is a blatant misrepresentation of the known facts.

40.     Upon information and belief, Plaintiff Williams filed a Charge of Discrimination in December 2024. Upon information and belief, the EEOC issued a Notice of Right to Sue regarding the Charge of Discrimination and Defendants deny any legal conclusion or

discrimination stated by Plaintiff. Defendants deny that Plaintiff Williams is entitled to any relief under the Charge of Discrimination and object to and deny any legal conclusion stated by Plaintiff. Except for Plaintiff's allegation that she filed a Charge of Discrimination, all allegations in Paragraph 40 are denied.

## CAUSES OF ACTION

### A.    Count One: Hostile Work Environment Harassment (Race) under Title VII (Defendant LaSalle Corrections West, LLC)[2]

41.    Paragraph 41 requires no response. To the extent a response is required, Defendant LaSalle denies the allegations and incorporates the prior responses.

42.    Defendant LaSalle denies Paragraph 42 in its entirety.

43.    Defendant LaSalle admits Plaintiff Williams identifies as Black. Defendant LaSalle denies the remainder of Paragraph 43.

44.    Defendant LaSalle admits it meets the definition of employer under Title VII.

45.    Defendant LaSalle lacks knowledge, information, and/or belief sufficient to admit or deny whether "[a]ll conditions precedent" have been met. Consequently, Defendant LaSalle denies Paragraph 45 in its entirety.

46.    Defendant LaSalle denies Paragraph 46 in its entirety.

47.    Defendant LaSalle denies Paragraph 47 in its entirety.

48.    Defendant LaSalle denies Paragraph 48 in its entirety.

49.    Defendant LaSalle denies Paragraph 49 in its entirety.

50.    Defendant LaSalle denies Paragraph 50 in its entirety.

---

[2]The allegations in this section are directed solely to Defendant LaSalle Corrections. To the extent Plaintiff Williams alleges any allegation towards any Defendant (Johnson, Hernandez or Castro) in addition to Defendant LaSalle, the allegations are denied in its entirety by all Defendants.

51.    Defendant LaSalle denies Paragraph 51 in its entirety.

52.    Defendant LaSalle denies Paragraph 52 in its entirety.

53.    Defendant LaSalle denies Paragraph 53 in its entirety.

54.    Defendant LaSalle denies Paragraph 54 in its entirety.

55.    Defendant LaSalle denies Paragraph 55 in its entirety.

56.    Defendant LaSalle denies Paragraph 56 in its entirety.

57.    Defendant LaSalle denies Paragraph 57 in its entirety.

58.    Defendant LaSalle denies Paragraph 58 in its entirety.

59.    Defendant LaSalle denies Paragraph 59 in its entirety. Specifically, Defendant LaSalle denies Plaintiff Williams is entitled to any relief.

**B.    Count Two: Retaliation Under Title VII**
**(Defendant LaSalle Corrections West, LLC)[3]**

60.    Paragraph 60 requires no response. To the extent a response is required, Defendant LaSalle denies the allegations and incorporates the prior responses.

61.    Defendant LaSalle lacks knowledge, information, and/or belief sufficient to either admit or deny whether "all jurisdictional prerequisites in connection with this claim under Title VII" have been met. Consequently, Defendant LaSalle denies Paragraph 61 in its entirety.

62.    Defendant LaSalle denies Paragraph 62 as written.

63.    Defendant LaSalle objects to Paragraph 63 because it has no information to establish what Plaintiff Williams believed and whether or not it was reasonable. Defendant LaSalle denies Paragraph 63 in its entirety.

---

[3] The allegations in this section are directed solely to Defendant LaSalle Corrections. To the extent Plaintiff Williams alleges any allegation towards any Defendant (Johnson, Hernandez or Castro) in addition to Defendant LaSalle, the allegations are denied in its entirety by all Defendants.

Defendants' Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint   Page 11

64.    Defendant LaSalle denies Paragraph 64 as written.

65.    Defendant LaSalle denies Paragraph 65 in its entirety.

66.    Defendant LaSalle denies Paragraph 66 in its entirety.

67.    Defendant LaSalle denies Paragraph 67 in its entirety.

68.    Defendant LaSalle denies Paragraph 68 in its entirety.

69.    Defendant LaSalle denies Paragraph 69 in its entirety.

70.    Defendant LaSalle denies Paragraph 70 in its entirety.

71.    Defendant LaSalle denies Paragraph 71 in its entirety.

72.    Defendant LaSalle denies Paragraph 72 in its entirety.

73.    Defendant LaSalle denies Plaintiff Williams is entitled to any relief.

**C.    Count Three: Hostile Work Environment Harassment (Race) under Section 1981 (All Defendants)**

74.    Paragraph 74 requires no response. To the extent a response is required, Defendants deny the allegations and incorporate their prior responses.

75.    Defendants deny Paragraph 75 in its entirety.

76.    Defendants deny Paragraph 76 in its entirety.

77.    Defendants deny Paragraph 77 in its entirety.

78.    Defendants deny Paragraph 78 in its entirety.

79.    Defendants deny Paragraph 79 in its entirety.

80.    Defendants deny Paragraph 80 in its entirety.

81.    Defendants deny Paragraph 81 in its entirety.

82.    Defendants deny Paragraph 82 in its entirety. Plaintiff continues to be employed by Defendant LaSalle.

83.    Defendants deny Paragraph 83 in its entirety.

84.     Defendants deny Paragraph 84 in its entirety.

85.     Defendants deny Paragraph 85 in its entirety.

86.     Defendants deny Paragraph 86 in its entirety.

87.     Defendants deny Plaintiffs are entitled to any relief, particularly as stated in the Prayer for Relief.

## Count Four: Retaliation Under Section 1981
### (Defendant LaSalle Corrections West, LLC)[4]

88.     Paragraph 88 requires no response. To the extent a response is required, Defendant LaSalle denies the allegations and incorporates the prior responses.

89.     Defendant LaSalle denies Paragraph 89 in its entirety.

90.     Defendant LaSalle objects to Paragraph 90 to the extent Defendant LaSalle has no specific knowledge regarding Plaintiff Williams' beliefs or the reasonableness of any beliefs. Defendant LaSalle denies Paragraph 90 in its entirety.

91.     Defendant LaSalle denies Paragraph 91 in its entirety.

92.     Defendant LaSalle denies Paragraph 92 in its entirety.

93.     Defendant LaSalle denies Paragraph 93 in its entirety.

94.     Defendant LaSalle denies Paragraph 94 in its entirety.

95.     Defendant LaSalle denies Paragraph 95 in its entirety.

96.     Defendant LaSalle denies Paragraph 96 in its entirety.

97.     Defendant LaSalle denies Paragraph 97 in its entirety.

---

[4] The allegations in this section are directed solely to Defendant LaSalle Corrections. To the extent Plaintiff Williams alleges any allegation towards any Defendant (Johnson, Hernandez or Castro) in addition to Defendant LaSalle, the allegations are denied in its entirety by all Defendants.

Defendants' Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint   Page 13

98.     Defendant LaSalle denies Plaintiff Williams is entitled to the relief sought and denies Paragraph 98 in its entirety.

## DAMAGES

99.     Defendants deny Plaintiff is entitled to actual, compensatory, and punitive damages as alleged in Paragraph 99.

100.    Defendants deny Paragraph 100 in its entirety.

101.    Defendants deny Paragraph 101 in its entirety.

102.    Defendants deny Paragraph 102 in its entirety.

103.    Defendants deny Paragraph 103 in its entirety.

## JURY DEMAND

104.    No response is required for Paragraph 104.

## PRAYER FOR RELIEF

Defendants deny Plaintiff Williams' Prayer for Relief in its entirety, including subparts (a)-(g).

## DEFENDANTS' AFFIRMATIVE DEFENSES AND OTHER MATTERS

1.      Some or all of Plaintiff's Complaint fails to state a claim or claims upon which relief can be granted.

2.      The Court lacks subject matter jurisdiction over some or all of Plaintiff's Complaint.

3.      Plaintiff cannot establish a *prima facie* case for any form of discrimination and/or retaliation under Title VII and/or Section 1981.

4.    Plaintiff's claims are barred, in whole or in part, to the extent that such claims exceed the scope of or are inconsistent with the charges of discrimination Plaintiff filed with the EEOC and dually filed with the Texas Workforce Commission-Civil Rights Division.

5.    Any claims not raised in Plaintiff's Charges of Discrimination should be barred and dismissed for failure to exhaust administrative remedies and/or failing to satisfy the administrative prerequisites necessary to asserting such claims.

6.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations to the extent that they were not presented to the EEOC in a timely fashion and to the extent that they did not occur within the time frames prescribed by law.

7.    The continuing violation doctrine does not apply to Plaintiff's hostile work environment claim.

8.    Plaintiff's claims against Defendants fail, in whole or in part, to the extent that the employment actions complained of by Plaintiff were based upon legitimate, nondiscriminatory, non-retaliatory, and non-pretextual business reasons and/or good faith reliance on applicable administrative rulings, orders, or law.

9.    To the extent, if any, unlawful harassment and/or discrimination was a motivating factor in any decision regarding Plaintiff, which Defendant LaSalle denies, Defendant LaSalle would have made the same decision absent any improper or unlawful motivation.

10.    Plaintiff Williams is an at-will employee.

11.    Defendant LaSalle is entitled to the benefit and protection of the "business-judgment defense."

12.    Plaintiff has failed to mitigate any damages she may claim to have suffered as a result of any alleged actions.

Defendants' Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint  Page 15

13. Defendants did not commit any act with malice or reckless indifference to Plaintiff's legally protected rights (if any), and Defendants did not approve, authorize, ratify, nor have actual knowledge of any such acts.

14. Without conceding whether Plaintiff Williams suffered any damages because of any alleged wrongdoing by Defendants, Defendants plead the due process limitation on punitive/exemplary damages outlined by the U.S. Supreme Court in its opinion in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

15. Defendant LaSalle cannot be vicariously liable for punitive damages in light of its good faith efforts to comply with the anti-discrimination statutes at issue in this case. *See Koland v. Am. Dental Ass'n*, 527 U.S. 526 (1999).

16. Defendant LaSalle is entitled to the *Ellerth/Faragher* affirmative defense. Plaintiff's claims are barred because Defendant exercised reasonable care to prevent and correct promptly any discriminatory conduct and because Plaintiff unreasonably failed to properly take advantage of any preventative or corrective opportunities provided by Defendant to avoid harm otherwise.

17. Plaintiff cannot recover punitive damages against Defendants for any alleged discrimination, including harassment, because any such alleged conduct would be contrary to Defendant LaSalle's good faith efforts to comply with applicable anti-discrimination law(s).

18. To the extent Plaintiff Williams seeks punitive damages, such claims are barred in whole or part because Defendants have not engaged in intentional discrimination with malice or with reckless indifference to Plaintiff Williams' rights.

19. Defendants specifically deny any allegations of intentional and knowing conduct and other conduct which may form the legal basis for entitlement to compensatory damages,

Defendants' Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint  Page 16

liquidated damages, or punitive damages.  Defendants further deny that the acts and/or omissions alleged by Plaintiff Williams amount to willful, malicious, and/or reckless conduct.

20.     Plaintiff Williams' claims for compensatory and punitive damages are subject to all applicable statutory caps and limitations.

21.     Plaintiff's claims for punitive damages fail to the extent they are unconstitutional and/or otherwise not available.

22.     Plaintiff Williams' claim for damages are barred, in whole or in part, to the extent Plaintiff seeks to recover damages in excess of the type and amounts allowed or provided by law.

23.     Defendant LaSalle is not liable for the alleged unlawful acts and/or omission by its supervisors and/or managers to the extent those individuals acted outside the course and scope of employment.

24.     To the extent any representative of Defendant LaSalle committed the actions alleged by Plaintiff Williams, which Defendant LaSalle and each of the Defendants deny, Defendant LaSalle neither knew nor should have known of any such alleged conduct.

25.     If Defendants are found liable for actual damages, Defendants intend to seek reduction of damages under the proportionate-responsibility statute.

26.     Plaintiff Williams' claims against Defendants are barred, in whole or in part, on the applicable statute of limitations under Title VII and/or Section 1981.

27.     Plaintiff Williams has no standing to bring associational discrimination claims.

28.     Plaintiff's claims for compensatory and punitive damages are subject to all applicable statutory caps and limitations.

29.     Plaintiff's claims for compensatory and punitive damages are limited by the provisions and maximum amount set forth in 42 U.S.C. § 1981a.

Defendants' Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint   Page 17

30.     An award of exemplary and/or punitive damages under the facts and circumstances of this case would violate the Fourteenth Amendment to the United States Constitution and the Due Process Clause of the Texas State Constitution.

31.     Defendant hereby invokes its right of entitlement to the limitations and caps on damage awards as provided in 42 U.S.C., § 1981a(b)(3), Texas Labor Code, § 21.2585, and other applicable law.

32.     Defendant is not entitled to double or duplicate recovery.

33.     Plaintiff has not identified any pattern or practice of discrimination based upon race.

34.     Plaintiff has not identified any pattern or practice of discrimination based upon gender.

35.     Plaintiff's claims are barred by the Texas Workers' Compensation Act, and the Texas Workers' Compensation Commission has exclusive jurisdiction over those claims until Plaintiff has exhausted his administrative remedies.

36.     Plaintiff's Complaint against Defendant Johnson is barred because he cannot be held individually liable under 42 U.S.C. § 1981.

37.     Plaintiff's Complaint against Defendant Hernandez is barred because he cannot be held individually liable under 42 U.S.C. § 1981.

38.     Plaintiff's Complaint against Defendant Castro is barred because he cannot be held individually liable under 42 U.S.C. § 1981.

39.     Plaintiff's retaliation claims are barred because she did not engage in a protected activity.

40.    Plaintiff's claims are barred to the extent that she attempts to recharacterize her disparate treatment and harassment claims as a pattern and practice claim. Plaintiff is barred from bringing such a claim in her individual capacity.

41.    Plaintiff's Complaint is frivolous under Federal Rule of Civil Procedure 11.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff takes nothing by her suit, that Plaintiff's claims be dismissed with prejudice to refiling; that Defendants be awarded a judgment in its favor for its costs and attorneys' fees incurred, and for such other and further relief, whether at law or in equity, to which Defendants are justly entitled.


Respectfully submitted,

**KAUFMAN DOLOWICH, LLP**

  /s/Janice S. Parker
Janice S. Parker
Texas Bar No. 15488050
janice.parker@kaufmandolowich.com
14643 Dallas Parkway, Suite 550
Dallas, Texas 75254
Telephone:    (972) 781-2400
Facsimile:    (972) 781-2401

***ATTORNEY FOR DEFENDANTS***

Defendants' Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint  Page 19

## CERTIFICATE OF SERVICE

The undersigned certified that on this, the **19th** day of **August 2025** a true and correct copy of *Defendants' Answer and Affirmative Defenses to Plaintiffs Third Amended Complaint* was served upon all counsel of record, as indicated below, via [ ] United States mail, certified, return receipt requested, [ ] United States regular mail, [ ] facsimile, [ ] e-mail, [  ] hand delivery, [√] Notice of Electronic Court Filing.

Kevin M. Duddlesten
Texas Bar No. 00793644
DUDDLESTEN LAW GROUP, PLLC
4347 W. Northwest Hwy Ste 130, PMB 325
Dallas, Texas 75220
Telephone: (214) 833-5228
Email: kevin@duddlestenlawgroup.com
*Attorney for Plaintiffs*

*/s/Janice S. Parker*
 Janice S. Parker