UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KIM LATRICE WILLIAMS,

   Plaintiff,

v.                                                                      No. 4:23-cv-01115-P

LASALLE CORRECTIONS WEST,
LLC, ET AL.,

   Defendants.

## ORDER

This case is **SET** for a jury trial to begin on **Monday, April 27, 2026,** at **9:00 a.m.,** in the fourth-floor courtroom of the Eldon B. Mahon Federal Courthouse at 501 W. 10th Street, Fort Worth, Texas 76102. Any electronic equipment to be used at trial must be set up and tested **prior to 8:30 a.m. on April 27, 2026**. Due to other matters on the Court's docket, the Court exercises its right under Section VII of the Corut's civil Justice Expense and Delay Reduction Plan, Misc. Order No. 46, to limit the time for arguments examining witnesses, and the number of witnesses called in an effort to prevent unnecessary expense or delay. *See* Judge Specific requirements. The Court therefore **ORDERS as follows**:

(1) The parties' voir dire, opening statements, and closing arguments will be limited as follows:

   a.  voir dire, 10 minutes for each party;

   b.  opening statements, 10 minutes for each party;

   c.  closing arguments, 20 minutes for each party.

(2) Plaintiffs will be allowed **7 hours** to put on their case, including cross-examination and rebuttal. Defendant will be allowed **7 hours** to put on its case, including cross-examination. The Parties management of time will be monitored by the Court. The

Court must finish this case in the time allotted and believes the foregoing method preferable to the Court's micro-management of the number of witnesses and the content of their testimony.

(3) Despite the allocation of hours for trial, the Court will discourage repetitive examination of a witness, whether on cross or direct, and will strongly admonish or sanction any counsel who wastes the time of his or her colleagues, the Court, and the jury by failing to have witnesses present and prepared to testify; by hinting or causing a witness to hunt for exhibits; by failing to have audio or video equipment tested, cued-up, and ready to go; by failing to be timely in attendance; by attempting to argue the case or make a speech to the jury during an objection; or in any other manner.

(4) The Court intends to use a 8-person jury.

Further, before the Court are a litany of objections lodged by both Parties. *See* ECF Nos. 85, 86. These objections primarily concern exhibit lists and deposition designations. *See id.* The Court accordingly **ORDERS** that the Parties meet and confer, in-person, **by April 17, 2026**, and submit to the Court each side's agreed-to exhibit list, as well as any remaining objections, **by April 20, 2026.**

**SO ORDERED** on this **10th day of April 2026.**

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

2