IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KIM LATRICE WILLIAMS | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | **CASE NO. 4:23-CV-01115-P** |
| | ) | |
| LASALLE CORRECTIONS | ) | |
| WEST, LLC d/B/A PRAIRIELAND | ) | |
| DETENTION CENTER; | ) | |
| and ARMANDO CASTRO | ) | |
| | ) | |
| **Defendants.** | ) | |

## JOINT PRETRIAL ORDER

### (a) SUMMARY OF CLAIMS AND DEFENSES

**Plaintiff's Claims**

Plaintiff Kim Latrice Williams asserts claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 arising from her employment as a detention officer at Prairieland Detention Center. Plaintiff alleges that Defendants discriminated and harassed her on the basis of her race and subjected her to a racially hostile work environment and retaliation for engaging in protected activity, including opposing race discrimination on behalf of herself and other Black employees and for filing charges with the Equal Employment Opportunity Commission.

Plaintiff contends that Defendants engaged in harassment, disparate treatment, discriminatory enforcement of workplace policies, retaliatory discipline, and failed to investigate complaints of discrimination, including conduct that escalated after the filing of EEOC charges and this lawsuit. Plaintiff seeks back pay, compensatory damages, punitive damages, attorneys' fees, and costs.

**Defendants' Defenses**

Defendant LaSalle Corrections and Armando Castro assert that Plaintiff Williams' claims against Defendants are baseless. Plaintiff incorrectly asserts that reprimands she received for policy violations were based on her race and allegations by others unrelated to Plaintiff count as

1

claims on her behalf. Plaintiff cannot establish she was subjected to a hostile work environment based on her race. Plaintiff cannot establish any actions against her that were severe or pervasive. Further, Plaintiff cannot establish that the justified reprimands she received were retaliation. Plaintiff has not experienced a materially adverse employment action. Plaintiff has continued employment with Defendant LaSalle Corrections and received her request for a change in her position. Importantly, Plaintiff lacks standing to adopt allegations by others as claims of her own.

Plaintiff's claims of hostile work environment because of race and retaliation under 42 U.S.C. sec. 1981 against individual Defendant Castro also fail because Defendant Castro did not exercise the requisite authority over Plaintiff Williams and was not "essentially the same" as Williams' employer. Defendant Castro did not control Williams' working conditions, employment status, pay, or work hours.

Plaintiff has not alleged a claim of disparate treatment nor established that Defendants engaged in harassment, disparate treatment, discriminatory enforcement of workplace policies, retaliatory discipline, or failure to investigate complaints of discrimination.

Plaintiff is not entitled to the damages she alleges.


**(b) STIPULATED FACTS**

1.      Plaintiff was employed by Defendant LaSalle Corrections West, LLC during the relevant time period.

2.      Plaintiff filed one or more charges of discrimination with the Equal Employment Opportunity Commission.

3.      Plaintiff received notices of right to sue and timely filed this action.

4.      Defendant LaSalle is an employer within the meaning of Title VII.

5.      Jurisdiction and venue are proper in this Court.

6.      Williams was reprimanded in August 2021 for violating policies regarding laundry duties.

7.      Plaintiff Williams was reprimanded in December 2022 for failing to report to her post.

8.      Plaintiff Williams was reprimanded in December 2022 for using abusive and profane language against Warden Johnson.

9.      Plaintiff Williams was not demoted during the relevant time period of her allegations.

2

10. Plaintiff Williams did not seek any promotions during the relevant time period of her allegations.

11. Plaintiff Williams did not have a reduction in pay during the relevant time period of her allegations.

12. Plaintiff received pay raises.

13. Plaintiff was not reassigned to a different position except by her request.

14. In February 2025 Williams requested a transfer to a transportation officer position, which was granted.

## (c) CONTESTED ISSUES OF FACT

1. Whether Plaintiff was subjected to race-based harassment.

2. Whether the alleged conduct was sufficiently severe or pervasive.

3. Whether Plaintiff engaged in protected activity.

4. Whether Plaintiff suffered adverse employment actions.

5. Whether any adverse actions were causally connected to protected activity.

6. Whether similarly situated employees were treated differently.

7. Whether Defendants failed to take prompt remedial action.

9. Whether Plaintiff suffered damages.

10. Whether Defendants acted with malice or reckless indifference.

## (d) CONTESTED ISSUES OF LAW

1. Legal standards for hostile work environment under Title VII and § 1981.

2. Legal standards for retaliation and causation.

3. Availability and scope of punitive damages.

5. Proper measure of damages.

6. Availability of attorneys' fees and costs.

7. Defendant Castro does not meet the standards for any claims under 42 U.S.C. sec. 1981.

8. Plaintiff lacks standing for third-party claims and allegations.

9. Plaintiff did not plead a disparate treatment or disparate impact claim.

10. Plaintiff's alleged actions of discrimination/retaliation were discrete acts.

11. Plaintiff asserts claims that are time-barred.

## (e) ESTIMATED LENGTH OF TRIAL

The parties estimate that trial will require **approximately 3 to 5 days**.

## (f) ADDITIONAL MATTERS THAT MAY AID IN DISPOSITION

1. The parties will meet and confer to identify stipulations to streamline trial.

2. The parties will exchange and pre-mark exhibits.

3. The parties will cooperate to avoid cumulative evidence.

Dated: May 11, 2026.

Respectfully submitted,

*/s/ Kevin M. Duddlesten*
Kevin M. Duddlesten
Texas Bar No. 00793644
DUDDLESTEN LAW GROUP, PLLC
*kevin@duddlestenlawgroup.com*
4347 W Northwest Hwy Ste 130, PMB 325
Dallas, TX 75220
Phone: (214) 833-5228
Facsimile: (469) 457-6785
Email: kevin@duddlestenlawgroup.com

***ATTORNEY FOR PLAINTIFF***

4

By: */s/ Janice S. Parker*
Janice S. Parker
State Bar No. 15488050
KAUFMAN DOLOWICH LLP
janice.parker@kdvlaw.com
14643 Dallas Parkway, Suite 550
Dallas, Texas 75254
Telephone: (972) 781-2400
Facsimile: (972) 780-2401

***ATTORNEY FOR DEFENDANTS***

**SO ORDERED** on this **11th day of May 2026**.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

5